UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TREMAIN WILLIAMS,  )
                   )
        Plaintiff, )
                   )
    v.             )    18-CV-1049
                   )
A.D.A. FOUTS, *et al.*, )
                   )
        Defendants. )

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently incarcerated at Illinois River Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he suffers from multiple head injuries, extreme headaches, loss of consciousness, blurry and double vision, seizures, and extreme pain due to being assaulted by an inmate when he was at the Cook County Jail. Plaintiff alleges that

Defendant Osmundson, the prison doctor, and Defendant Beard, the nurse practitioner, have refused to order diagnostic testing, taken his prescribed medications, and accused him of malingering. Plaintiff alleges that prison officials have refused to reasonable accommodations for his injuries under the Americans with Disabilities Act. Finally, plaintiff alleges that Defendant Beard told him that if he stopped writing grievances, then maybe he would get medical treatment.

Plaintiff states a claim for deliberate indifference to a serious medical need against Defendants Osmundson and Beard. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc). Plaintiff also states a First Amendment retaliation claim against Defendant Beard. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Plaintiff, however, does not state a claim under the Americans with Disabilities Act as plaintiff alleges he has been denied specific treatment, not access to medical services. *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA does not create a remedy where plaintiff complained of incompetent treatment, not exclusion therefrom). Plaintiff also does not state a claim against Wexford Health Services as his allegations do not permit an inference that the alleged inadequate medical treatment was caused by a Wexford policy. *See Monell v. Dep't of Social Srvcs. of City of New York*, 436 U.S. 658 (1978).

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Osmondson and Beard and a First Amendment retaliation claim against Defendant Beard. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied

as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

     3.    The court will attempt service on the defendants by mailing each defendant a waiver of service.  The defendants have 60 days from the date the waiver is sent to file an answer.  If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service.  After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

     4.    With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

     5.    The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

     6.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to

compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate A.D.A. Fouts and Wexford Health Source as defendants.

12. The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

13. Plaintiff's motion for counsel [3] is denied, with leave to renew. Plaintiff has personal knowledge of the facts, he was able to adequately communicate with the Court at the merit review hearing, he should be able to obtain relevant documents via the discovery process, and this case does not appear overly complex at this time. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

14. Plaintiff's motion for temporary injunction [4] and motion for declaratory judgment [9] are denied. Plaintiff has not made the

requisite showing under the respective standards.  *See Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003); Fed. R. Civ. P. 55.

Entered this 28th day of February, 2018

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE